## WILLIS SPENCER v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—222.]

**No Reversal on Weight of the Evidence in a Criminal Case.**

When in a criminal case there is any evidence tending to establish guilt the Court of Appeals will not reverse and set aside a verdict of guilty returned by a jury. The weight to be given to evidence is exclusively for the jury.

### APPEAL FROM RUSSELL CIRCUIT COURT.

September 23, 1884.

OPINION BY JUDGE HINES:

This was an indictment for murder, with a conviction for manslaughter and a sentence to the penitentiary for five years. The complaint on the appeal is that the evidence is not sufficient to sustain the verdict, and that the instructions were misleading by reason of their prolixity and unintelligibility. There is evidence from which the jury would have been authorized to find the accused guilty of murder, and such finding could not have been disturbed by this court, although we might conclude that the evidence considered as a whole would have justified an acquittal on the ground of self-defense. When there is any evidence tending to establish guilt in criminal cases we have no power to reverse

and set aside a verdict of guilty returned by the jury. Both the credibility of the witness and the weight to be given to his evidence are exclusively for the jury. As to the instructions, no specific objection is made. The general charge that they are unintelligible on account of their prolixity is not authorized. They cover in an intelligible manner the law of murder, manslaughter and self-defense in such a way that the jury could not have been misled.

Judgment *affirmed*.

*Winfrey & Winfrey, for appellant.*

*P. W. Hardin, for appellee.*